NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID HAMILTON,

        Plaintiff - Appellant,

  v.

M. SON, Doctor,

        Defendant - Appellee.

No. 23-3805

D.C. No.
2:19-cv-02210-DAD-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

    California state prisoner David Hamilton appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Hamilton failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent in treating Hamilton's chronic pain. *See id*. at 1057-60 (prison officials act with deliberate indifference only if they know of and disregard a risk to the prisoner's health; medical malpractice, negligence, or difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference on the basis of delay in treatment must show that the delay caused significant harm).

We do not consider claims that Hamilton failed to allege in his complaint. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (affirming summary judgment where the complaint did not give fair notice of the factual basis for a claim raised for the first time in opposition to summary judgment).

**AFFIRMED.**

23-3805